OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas finding that defendant-appellee, Duane F. Ballard, is not a sexual predator pursuant to R.C. Chapter 2950. We reverse and remand.
On September 10, 1990, appellee pled guilty to two counts of rape of a person under the age of thirteen in violation of R.C.2907.02. The trial court sentenced appellee to two concurrent terms of eight to twenty-five years of imprisonment.
On June 17, 1997, the Ohio Department of Rehabilitation and Correction filed a recommendation that the trial court adjudicate appellee to be a sexual predator. The trial court held an adjudicatory hearing on May 26, 1999. Detective Ken McCloud, criminal investigator with the Warren County Sheriff's Department, testified to the nature of appellee's conduct with the victim and the evidence adduced at the original trial.
Evidence presented at the hearing indicated that appellee's victim was his fiancé's twelve-year-old daughter ("the victim"). The victim lived with appellee and his fiancé on the weekends. Appellee engaged in sexual intercourse three times with the victim. Two of the incidents occurred when the victim was twelve years old and the third occurred shortly after her thirteenth birthday. Appellee was forty-three years old. After intercourse, appellee smoked marijuana in the victim's presence in order to "relax" before his fiancé returned home. When the victim discovered she was pregnant, she reported to her father that appellee was the offender. She terminated her pregnancy by abortion.
Evidence at the hearing also revealed that appellee engaged in a continuous pattern of "touching" and other "foreplay" with the victim over the course of approximately eighteen months. The victim performed fellatio on appellee and appellee "kissed" the victim in her vaginal area. On at least one occasion, appellee played a sexually explicit film while engaging in sexual conduct with the victim. The victim, while clothed, would also "rid[e] up and down on [appellee's] penis."
On June 11, 1999, the trial court filed its decision finding that appellee is not a sexual predator as defined by R.C. Chapter 2950. At the conclusion of the hearing, the trial court emphasized that appellee did not have a history of sexual offenses before his current offenses with the victim. The trial court found it important that there was only a single victim in this case. The trial court also noted that appellee did not use the marijuana to impair the victim and that the sexual film was apparently used during the intercourse and not as a "come on" to the act. In concluding that appellee was not a sexual predator, the trial court stated:
 He was within the household and situations and circumstances, inferences could be drawn that given an immature person as Mr. Ballard apparently is or was and a young girl budding, sometimes stupid things, criminal things happen [sic].
Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT INCORRECTLY DETERMINED THAT DEFENDANT-APPELLEE WAS NOT A SEXUAL PREDATOR PURSUANT TO OHIO REV. CODE §§ 2950 ET SEQ [sic].
In its assignment of error, appellant contends that it presented sufficient evidence to find appellee a sexual predator, and that the trial court's decision to the contrary was against the manifest weight of the evidence. Since appellant's assignment of error challenges the trial court's decision on both sufficiency of the evidence and manifest weight of the evidence, we will address each issue in turn.
In the context of a challenge to the sufficiency of the evidence,
 "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go the jury or whether the evidence is legally sufficient to support the [judgment] as a matter of law. * * * In essence, sufficiency is a test of adequacy.
State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When the evidence pertains to specific statutory findings which the trial court must make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See In re William S. (1996), 75 Ohio St.3d 95, 99.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt." State v. Danby
(1983), 11 Ohio App.3d 38, 41, citing Cross, 161 Ohio St. at 477.
We must review the record to determine whether appellant presented evidence sufficient to meet its burden of production: clear and convincing evidence that appellee is a sexual predator. In sexual predator adjudications, this review focuses on whether evidence was presented relating to the factors listed in R.C.2950.09(B)(2). R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Neither party to a sexual predator adjudicatory hearing is required to present new evidence or call and examine witnesses. All that is required is that the parties are given the opportunity to do so. R.C. 2950.09(B)(1).
After evidence is presented, the trial court is required to consider the above factors in making its determination. R.C.2950.09(C)(2)(b). In reviewing these factors and any other relevant characteristics under R.C. 2950.09(B)(2)(j) the trial court may look into the defendant's past behavior. State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 5, affirmed, 84 Ohio St.3d 19. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). State v.Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v.Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. Furthermore, a single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported.
At appellee's sexual predator hearing, appellant presented evidence of the nature of appellee's offenses. Appellant emphasized several of the factors listed in R.C. 2950.09(B)(2), particularly the great disparity between the ages of the victim and appellee. Appellee attempted to rebut appellant's evidence by arguing that the victim was a "willing participant" and by showing he participated in a program for sexual offenders.
The trial court's entry does not elucidate the reasons for finding that appellee is not a sexual predator. However, at the adjudicatory hearing, the trial court discussed the findings that support its decision. The trial court emphasized that appellee did not have a history of sexual offenses and there was only a single victim in this case. The trial court found it important that appellee's use of marijuana was only personal and that appellee did not use the sexually explicit film to entice the victim. Although we do not disagree with these facts, we find that the trial court failed to properly consider and apply the factors listed in R.C. 2950.09(B)(2).
At the hearing, appellant provided clear and convincing evidence of several factors listed in R.C. 2950.09(B)(2). When the sexual activity began, appellant was forty-three years old and his victim was only twelve years old. See R.C. 2950.09(B)(2)(a) and 2950.09(B)(2)(c). Although there was only one victim, appellee engaged in sexual activity with the young girl for approximately eighteen months. See R.C. 2950(B)(2)(h) and 2950(B)(2)(j). His behavior consisted of three instances of sexual intercourse and resulted in the victim's pregnancy. Id.
In addition, there were multiple instances of oral sex, touching and "foreplay." Id. Although appellee did not use marijuana to impair the victim, appellee's use of marijuana in connection with his sexual activity with the victim is nonetheless an important behavioral characteristic. See R.C. 2950.09(B)(2)(j). Similarly, exposing a preteen girl to a sexually explicit film, whether before or during intercourse, is an important consideration in this case. See R.C. 2950.09(B)(2)(j).
Thus, after thoroughly reviewing the transcript of the adjudicatory hearing, we are satisfied that appellant presented sufficient evidence to meet its burden of production that appellee is a sexual predator.
Appellant also contends that the decision of trial court was against the manifest weight of the evidence. A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. Thompkins, 78 Ohio St.3d at 386-87. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida (1982),457 U.S. 31, 42, 102 S.Ct. 2211, 2218 In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [proceeding] ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. In sum, when examining the record, the appellate court determines whether appellant has met its burden of persuasion. See Thompkins,78 Ohio St.3d 390 (Cook, J., concurring).
Under R.C. 2950.09(C)(2), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Brown (Oct. 19, 1998), Warren App. No. CA98-03-034, unreported, at 15. Therefore, we must review the record to determine whether there is clear and convincing evidence to support the decision of the trial court. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross, 161 Ohio St. 469 at paragraph three of the syllabus. While clear and convincing evidence is "more than a preponderance of the evidence," it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992),82 Ohio App.3d 341, 346. A reviewing court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is sufficient conflict in the evidence presented. Cross, 161 Ohio St. at paragraph five of the syllabus.
Upon a thorough review of the record, we find that the trial court's decision was against the manifest weight of the evidence. The prosecution presented a significant amount of evidence that weighed in favor of finding some of the statutory factors listed in R.C. 2950.09(B)(2). At the time of the offense, appellee was significantly older than his victim, who was only twelve years old when the sexual conduct began. Appellee engaged in a continual pattern of sexual abuse over the course of approximately eighteen months that included intercourse, oral sex and "foreplay." In addition, appellee exposed the victim to marijuana use and a sexually explicit film during the course of the sexual conduct. We recognize that the trial court placed significance on the fact that appellee did not have a prior criminal record other than the present conviction, but the circumstances of appellee's offenses are quite significant and meet several elements of R.C.2950.09(B)(2).
Furthermore, in an effort to rebut appellant's evidence, appellee provided evidence that he participated in a treatment program for sex offenders, but evidence regarding the outcome was inconclusive. Appellee also emphasized that his victim was a willing participant in the sexual activity.[1] However, the General Assembly, in accordance with generally accepted societal norms, has determined that sexual conduct with a child under the age of thirteen is a crime without regard to the child's consent. R.C. 2907.02(A)(1)(b). See, also, State v. Nicodemus (May 15, 1997), Franklin No. 96APA10-1359, unreported (noting that the majority of Ohio Appellate Courts have concluded that rape of a person under thirteen years of age is a strict liability offense). Appellee's assertion provides no support for his assertion that he is not likely to engage in the future in a sexually oriented offense. In fact, his untenable justification for his behavior supports the conclusion that he is a sexual predator.
In State v. Smithers (Jan. 19, 1999), Warren App. No. CA98-06-038, unreported, we affirmed the trial court's determination that the defendant was a sexual predator partly upon the defendant's explanation that he engaged in sexual conduct with a nine-year-old girl because of stress. We agreed with the trial court that defendant's explanation was "troubling" since people often encounter stress in their lives. Id. Similarly, in this case, appellee's assertion is troubling, especially since a child under the age of thirteen is legally incapable of consenting to sexual conduct with an adult.
In light of the foregoing, we find that the trial court incorrectly determined that appellee was not a sexual predator. We further find that appellant proved by clear and convincing evidence that appellee is a sexual predator as defined in R.C. Chapter 2950. The evidence appellee presented did not overcome the substantial evidence presented by appellant that appellee should be classified as a sexual predator.
Appellant is therefore found to be a sexual predator and this cause is remanded to the trial court for further proceedings consistent with this opinion and the provisions of R.C. Chapter 2950. Accordingly, appellant's sole assignment of error is sustained.
Judgment reversed and remanded.
WALSH and YOUNG, JJ., concur.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and remanded for further proceedings according to law and consistent with the opinion filed the same date as this Judgment Entry.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________________ Stephen W. Powell, Presiding Judge
 ___________________________________ William W. Young, Judge
 ___________________________________ James E. Walsh, Judge
[1] In his brief before this court, appellee again attempts to mitigate his behavior by stressing the willingness of the victim. He writes that it is "the unfortunate and simple truth" that the victim was a willing participant. He further claims that he "has taken responsibility for this crime, even though [the victim] was a willing participant. (Emphasis added.)